| |
|---|
| **White Oak Commercial Fin., LLC v NY & Co Ecomm LLC** |
| 2024 NY Slip Op 30576(U) |
| February 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650682/2024 |
| Judge: Andrea Masley |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

WHITE OAK COMMERCIAL FINANCE, LLC,

Plaintiff,

- v -

NY AND CO ECOMM LLC, FASHION TO FIGURE
ECOMM LLC, LORD & TAYLOR ECOMM LLC, LETOTE
ECOMM LLC, AQUATALIA ECOMM LLC, JOSEPH
SAADIA, JACK SAADIA, NY AND CO IP LLC, FASHION
TO FIGURE IP LLC,SAADIA GROUP LLC, RTW
RETAILWINDS ACQUISITION LLC, LORD & TAYLOR
ACQUISITIONS LLC, LORD & TAYLOR IP LLC, LETOTE
IP LLC, AQUATALIA IP LLC, 501 JERSEY AVENUE LLC,
BROOK WAREHOUSING AND DISTRIBUTION LLC, 1735
JERSEY AVENUE PROPERTY, LLC,SAADIA
DISTRIBUTION LLC, 1000 STONY BATTERY
PROPERTY OWNER LLC, and 1000 STONEY BATTERY
ROAD LLC,

Defendants.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650682/2024 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48

were read on this motion to/for            PREL INJUNCTION/TEMP REST ORDR            .

This is an action by plaintiff White Oak Commercial Finance, LLC, the lender,

against defendants, (a) NY & Co Ecomm LLC, Fashion to Figure Ecomm LLC, Lord &

Taylor Ecomm LLC, LeTote Ecomm LLC, Aquatalia Ecomm LLC (collectively

Borrowers), (b) Joseph Saadia, NY and Co IP LLC, Fashion to Figure IP LLC, Saadia

Group LLC, RTW Retailwinds Acquisition LLC, Lord & Taylor Acquisitions LLC, Lord &

Taylor IP LLC, LeTote IP LLC, Aquatalia IP LLC (collectively Guarantors), (c) 501

Jersey Avenue LLC,  (d) Jack Saadia, (e) Brook Warehousing and Distribution LLC, (f)

1735 Jersey Avenue Property LLC, (g) Saadia Distribution LLC, (h) 1000 Stony Battery

Property Owner Road LLC, and (i) 1000 Stoney Battery Road LLC[1] to recover a money

judgment of $45,252,694.04 due under a Loan Agreement. (NYSCEF 9, February 1,

2021 Amended Loan Agreement [Loan Agreement].) Plaintiff asserts that it has UCC

Article 9 security interests and liens on all of defendants' Collateral[2] and that defendants

---

[1] The term Affiliated Warehouse People (*see infra* at 4) includes Brook Warehousing and Distribution LLC, 1735 Jersey Avenue Property LLC, Saadia Distribution LLC, 1000 Stony Battery Property Owner Road LLC, and 1000 Stoney Battery Road LLC. (NYSCEF 2, Complaint at 2.)

[2] The Loan Agreement states "'Collateral'" to mean "all of the Loan Parties' real and personal property, including without limitation, all right, title and interest in and to the following: (a) all Receivables; (b) all Equipment; (c) all General Intangibles; (d) all Inventory; (e) all Investment Property; (f) all Subsidiary Stock of all Subsidiaries; (g) all of Loan Parties' right, title and interest in and to, whether now owned or hereafter acquired and wherever located, (i) goods and other property including, but not limited to, all merchandise returned or rejected by account debtors, relating to or securing any of the Receivables; (ii) all of Loan Parties' rights as a consignor, a consignee, an unpaid vendor, mechanic, artisan, or other lienor, including stoppage in transit, setoff, detinue, replevin, reclamation and repurchase; (iii) all additional amounts due to any Loan Party from any account debtor relating to the Receivables; (iv) other property, including warranty claims, relating to any goods securing the Obligations; (v) all of Loan Parties' contract rights, rights of payment which have been earned under a contract right, instruments (including promissory notes), documents, chattel paper (including electronic chattel paper), warehouse receipts, deposit accounts, letters of credit and money; (vi) all commercial tort claims (whether now existing or hereafter arising); (vii) if and when obtained by any Loan Party, all real and personal property of third parties in which any Loan Party has been granted a lien or security interest as security for the payment or enforcement of Receivables; (viii) all letter of credit rights (whether or not the respective letter of credit is evidenced by a writing); (ix) all supporting obligations; and (x) any other goods, personal property or real property now owned or hereafter acquired in which any Loan Party has expressly granted a security interest or may in the future grant a security interest to Lender hereunder, or in any amendment or supplement hereto or thereto, or under any other agreement between Lender and any Loan Party; (h) all ledger sheets, ledger cards, files, correspondence, records, books of account, business papers, computers, computer software (owned by any Loan Party or in which any Loan Party has an interest), computer programs, tapes, disks and documents relating to (a), (b), (c), (d), (e), (f) or (g) above; (i) (i) all cash held as cash collateral to the extent not otherwise constituting Collateral, all other cash or property at any time on deposit with or held by Lender for Loan Parties' account (whether for safekeeping, custody, pledge, transmission or otherwise), (ii) all present or future deposit accounts (whether time or demand or interest or non-interest bearing) of any Loan Party with Lender or any other

have defaulted. (NYSCEF 2, Complaint.) Plaintiff seeks provisional remedies to protect its rights as a secured lender by taking possession of inventory, intellectual property, electronic passwords, and books and records, among other items of collateral.

For the reasons stated on the record on February 13, 20, and 22, 2024, and following a hearing on February 22, 2024, plaintiff's motion pursuant to CPLR 6301, 7102 and 7109 for a preliminary injunction and order of seizure is granted. Plaintiff shall submit the transcripts to be so ordered.

Accordingly, it is

It appearing to this court that several causes of action exist in favor of plaintiff and against defendants and that plaintiff is entitled to a preliminary injunction on the ground that defendants threaten or are about to do, or are doing or procuring or suffering to be done, an act in violation of plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, as set forth in the decision on the record, it is

---

Person including those to which any such cash may at any time and from time to time be credited, (iii) all investments and reinvestments (however evidenced) of amounts from time to time credited to such accounts, and (iv) all interest, dividends, distributions and other proceeds payable on or with respect to (x) such investments and reinvestments and (y) such accounts; (j) all documents of title, policies and certificates of insurance, securities, chattel paper, other documents or instruments evidencing or pertaining to (a), (b), (c), (d), (e), (f), (g), (h) or (i) above; (k) all guaranties, liens on real or personal property, leases, and other agreements and property which in any way secure or relate to (a), (b), (c), (d), (e), (h), (i) or (j) above, or are acquired for the purpose of securing and enforcing any item thereof; and (l) all proceeds and products of (a), (b), (c), (d), (e), (f), (g), (h), (i), (j) and (k) in whatever form, including, but not limited to: cash, deposit accounts (whether or not comprised solely of proceeds), certificates of deposit, insurance proceeds (including hazard, flood and credit insurance), negotiable instruments and other instruments for the payment of money, chattel paper, security agreements, documents, eminent domain proceeds, condemnation proceeds and tort claim proceeds." (NYSCEF 9, February 1, 2021 Loan Agreement at NYSCEF pagination at 10-11.)

650682/2024  WHITE OAK COMMERCIAL FINANCE, LLC vs. NY AND CO ECOMM LLC ET AL          Page 3 of 8
Motion No.  001

3 of 8

ORDERED that defendants, their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendants, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators, and all those acting in concert with and on their behalf are enjoined and restrained, during the pendency of this action, from doing or suffering to be done, directly or through any attorney, agent, servant, employee or other person under the supervision or control of defendants or otherwise, from any of the following acts:

1. from interfering with plaintiff taking possession of the Collateral[4] to hold during the pendency of this action or until further order of this court or consistent with the laws of the state of New York; and

2. from using, removing, transferring, hypothecating, selling, pledging, encumbering, conveying, assigning, destroying, erasing, mutilating, concealing, altering, or disposing of any of the Collateral; and

3. from using, removing, transferring, hypothecating, selling, pledging, encumbering, conveying, assigning, destroying, erasing, mutilating, concealing, altering, or disposing of Affiliated Warehouse People's books and records relating to the Collateral;

ORDERED that defendants their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendants, and each of

---

[4] The court is informed that defendants may be operating other businesses out of the warehouses.  This preliminary injunction is limited to the Collateral.

650682/2024   WHITE OAK COMMERCIAL FINANCE, LLC vs. NY AND CO ECOMM LLC ET AL   Page 4 of 8
Motion No.  001

4 of 8

their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators, and all those acting in concert with and on their behalf shall produce the Affiliated Warehouse People's books and records (both computerized and hard copy and, including, but not limited to service records, bank records, and account payable and receivable records) relating to any of the Collateral; and it is further

ORDERED that defendants, their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendants, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators, and all those acting in concert with and on their behalf shall surrender and deliver the Collateral to plaintiff as it may direct, including, but not limited to:

(i) all inventory, clothing, retail products, accessories, and any other inventory located at the premises known as 1735 Jersey Avenue, North Brunswick, New Jersey 08902 (NJ Warehouse), and l000 Stony Battery Road, Lancaster, PA 17601 (PA Warehouse), and anywhere else Collateral may be located; and

(ii) all information related to the Borrowers' and Guarantors' internet websites, domain names, customer lists, sales records, trademark lists, inventory reports by category, SKU, and location, including inventory costs and retail price details, and other books and records such as spring, summer, and fall production plans with factories, and the status of payables to critical vendors; and

**650682/2024   WHITE OAK COMMERCIAL FINANCE, LLC vs. NY AND CO ECOMM LLC ET AL**          **Page 5 of 8**
**Motion No.  001**

5 of 8

(iii)    all books and records (including, without limitation, digital and paper records, trial balances, journals, accountings, ledgers, general ledgers, laptops, computers, work papers, tax returns, service records, bank records, and accounts payable and receivable records) located at the NJ Warehouse, PA Warehouse, and anywhere else that Borrowers' and Guarantors' books and records are located; and

(iv)    all other Collateral, including, without limitation, all accounts, goods, cash, equipment, letters of credit rights, deposit accounts, instruments (including promissory notes), electronic chattel paper, subsidiary stock of all subsidiaries, and operating agreements; and it is further

ORDERED that defendants, their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendant, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators, and all those acting in concert with and on their behalf shall permit plaintiff full and unimpeded access to any Collateral held at the NJ Warehouse, PA Warehouse, and anywhere else that Borrowers' and Guarantors' assets, inventory, equipment, and books and records are stored; and it is further

ORDERED that defendants, their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendants, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators, and all those acting in concert with and on their behalf are preliminarily enjoined and

650682/2024   WHITE OAK COMMERCIAL FINANCE, LLC vs. NY AND CO ECOMM LLC ET AL          Page 6 of 8
Motion No.  001

6 of 8

restrained from accessing the Borrowers' and Guarantors' bank accounts maintained with TD Bank (account numbers ending 6464, 6456, 4674, 4575, 4369, 4351, 7571, 7612, 7620, 7604, and 4864) which accounts are enjoined, restrained, and frozen pending further order of this court; and it is further

ORDERED that plaintiff's application for an order of seizure of the Collateral is granted and the Sheriff of the City of New York or the Sheriff of any other county where the Collateral may be found, is directed to seize the Collateral and any identifiable proceeds thereof, to break open, enter, and search for the Collateral at any place where it may be found, and to deliver the Collateral to plaintiff or its agents. Plaintiff may submit by filing in NYSCEF a proposed order of seizure and email the proposed order to the court in Word; and it is further

ORDERED that by close of business on February 23, 2024,[5] defendants, their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendants, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators, and all those acting in concert with and on their behalf, shall provide plaintiff with usernames and passwords to all electronic programs (such as, but not limited to, Word, Excel), platforms, financial and accounting, inventory, and marketing systems, advertising on Google, Instagram, Tik Tok, and Facebook etc., and web and cloud based programs. Plaintiff shall have full visibility into all of defendants' programs, systems, platforms etc.

---

[5] Since this directive was given to the parties on the record on February 22, 2023, the court has kept this deadline. However, if more time is needed and the parties cannot negotiate more time, either party may email the party for an immediate conference.

**650682/2024   WHITE OAK COMMERCIAL FINANCE, LLC vs. NY AND CO ECOMM LLC ET AL          Page 7 of 8**
**Motion No.  001**

[* 7]

connected to the Collateral.  Defendants may not change any credit card, bank account, or payment systems connected to the Collateral until further order of the court; and it is further

ORDERED that since the parties agreed to waive the undertaking in the Loan Agreement, but an undertaking is required by CPLR 6312, it is fixed in the nominal sum of $1 million conditioned that plaintiff, if it is finally determined that it was not entitled to an injunction, will pay to defendants all damages and costs which may be sustained by reason of this injunction; and it is further

ORDERED that the TRO (NYSCEF 43, OSC with TRO; NYSCEF 49, Amended Addendum to OSC) is vacated; and it is further

ORDERED that this order grants plaintiff possession of the Collateral during the pendency of this action.  Plaintiff must follow the laws of the State of New York, including the UCC.  This order does not authorize plaintiff to immediately dispose of, sell or liquidate the Collateral when it comes into plaintiff's possession.

| | |
|---|---|
| __2/23/2024__ | _____ |
| DATE | ANDREA MASLEY, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650682/2024   WHITE OAK COMMERCIAL FINANCE, LLC vs. NY AND CO ECOMM LLC ET AL     Page 8 of 8
Motion No.  001

8 of 8